Gorman, J.
This cause comes into this court on appeal from a judgment of the common pleas court.
The plaintiff, Mary A. Harlan, avers in her petition that she is the owner in fee simple of a certain described farm in Madison township; that defendant, Edward Veidt, entered upon said premises as the tenant of plaintiff’s grantor; that said defendant’s term of rental expired March 1, 1914, but *46 by sufferance of the parties he was permitted to remain in possession until March 1, 1915; that without plaintiff’s knowledge or consent defendant has plowed certain fields in said farm and is about to and threatens to sow the same in rye, and claims to be entitled to retain possession of said premises after March 1, 1915; and that defendant claims to be entitled to other interests in said lands and to the possession thereof, all of which claims of possession and of right to enter upon and plow the fields of said lands after March 1, 1915, are a cloud on plaintiff’s title: The prayer of the petition is that defendant be enjoined from plowing any of the fields and from sowing the same in crops; that defendant be required to show his title to said real estate; that the court adjudge his claims to be null and void and a cloud on plaintiff’s title; that plaintiff’s title be quieted as against the defendant’s claims; that he be perpetually enjoined from entering upon any portion of said premises and perpetually enjoined from setting up any claim or title adverse to plaintiff’s title to said premises; and for all other relief.
In his answer defendant admits plaintiff’s title in fee simple; admits that he is about to plow and threatens to plow and sow as alleged in the petition; admits that he claims to be entitled to retain possession of the premises after March 1, 1915; and denies each and every other allegation of the petition. 'Defendant further sets up that he entered into the possession of said premises on March 1, 1911, under a lease for three years from S. Jennie Sorg, who is plaintiff’s grantor and was the owner in fee simple of said premises, and attaches *47 to and makes a part of his answer a copy of said lease; that the term of said lease expired March 1, 1914; that it contained a privilege or option on his part of two additional years on the expiration of the lease; and avers that he is in possession under said lease and entitled to hold, keep and control the same until March 1, 1916, by virtue, of the terms of said lease. He denies that his possession during 1914 was by sufferance, and avers that he has kept and observed all the covenants and stipulations of said lease on his part to be performed; and he prays that plaintiff’s petition be dismissed.
The reply denies that defendant exercised his option or privilege of two additional years, avers that he failed to exercise his privilege for two additional years, and pleads that defendant is estopped to claim his right of occupancy and possession for said additional term of two years.
The copy of the lease, and the original lease, which were offered in evidence, contain these provisions as to the term of the lease:
“For and during the full term of three years next ensuing, commencing on the first day of March, 1911, and to be fully completed and ended on the 28th day of February, 1914; with the privilege of two additional years at the expiration of this lease.”
And it contains the following covenant as to the rent for the additional term of two years:
“It is further agreed by and between the parties that said lessee shall have the right, privilege and option of an additional term of two years from and after the expiration of the term hereby created; upon the condition, however, that the rent for any *48 additional term after the expiration of the three years herein granted, shall be the sum of $800 for each and every year; the rent to be payable in advance as hereinbefore stated.”
It appeared in evidence that defendant entered into possession under said lease and has remained in continuous and uninterrupted possession ever since; that on March 2, 1914, S. Jennie Sorg conveyed by warranty deed to plaintiff said premises, which deed was recorded March 3, 1914. In said deed was the following stipulation with reference to defendant’s lease: “And further subject to a lease on said premises granted by S. Jennie Sorg to Edward Veidt, to which lease reference is hereby made.” Plaintiff therefore bought said premises with full knowledge of and subject to said lease which was in writing and duly witnessed and acknowledged.
The transcript of the evidence on which the case is here submitted discloses that the lease and deed were offered in evidence; that plaintiff had a contract to purchase the premises, made in October, 1913, but not closed up until March 2d or 3d, 1914; and that some time in the early part of December, 1913, Dr. Harlan, the husband and agent of plaintiff, met Veidt, the defendant, in Middletown and had a conversation with him about the farm. He told Veidt that he had bought the farm. Veidt complained of the high rent and the need of repairs, and said that he did not intend to pay that $800 “until a h-of a lot of fixing was done.” Veidt said nothing about leaving the farm or surrendering it at the expiration of the term, March 1, 1914. That was the only conversation between *49 Veidt and Dr. Harlan until March 5th or 6th, 1914, on which date Mr. Walburg, the agent for Mrs. Sorg, and Dr. Harlan, called on Veidt, who was still in possession of the farm, and talked to him about the payment of the $800 rent for 1914. Veidt did not pay them the rent, but complained a great deal about the need of repairs and the high rent. Walburg asked Veidt if he intended to avail himself of his option under the lease, and Walburg said: “If you do, I am here to collect the rent, which is now past due.” Veidt, according to Dr. Harlan, made no positive answer as to whether he would exercise his option or not. Mr. Walburg testified that, when asked if he wanted to exercise his option under the lease (for two years), Veidt said he did not know whether he would or not; and' then complained of the high rent and the lack of repairs. Veidt did not then pay the $800 rent although several times asked to do so by Walburg. Veidt continued to remain on the farm, and on June 12, 1914, he paid Walburg, agent for Mrs. Sorg, $800, the rent for 1914, and stated in a note left for Walburg that he would be ready with the $800 rent on March 1, 1915, for the second year. Walburg saw plaintiff and her husband Dr. Harlan, and they kept the $800, and Walburg then wrote a note to Veidt on June 15, (Exhibit 4), in which he states that he has gotten Dr. Harlan’s consent to accept the check for $800, and that Dr. Harlan has consented not to disturb Veidt during the growing season of 1914. Up to the time of paying the $800 rent, June 12, 1914, Veidt did not inform Walburg or Dr. Harlan that he intended to remain the two years longer provided for. in the *50 lease; but he -remained on the farm after March 1, 1914, and it is in evidence that he denied ever intimating that he intended to surrender the farm before March 1, 1916.
Without undertaking to review the evidence fully, it appears to be sufficiently disclosed that Veidt did not vacate or surrender before March 1, 1914; that he never said he would do so; and that he continued in possession after March 1, 1914, in pursuance of his right or privilege for two additional years, according to his statement. He was in under the lease, and in our opinion the mere holding over after March 1, 1914, was an exercise of his option or privilege to remain for the two additional years. It was not necessary for him to indicate, otherwise than by continuing in possession, after March 1, 1914, that he made his election to remain for the additional term of two years. The holding over without any new agreement was an election on his part, and he was bound for the two years and liable to plaintiff for the two years’ rent at $800 per year as stipulated in the lease. We consider this provision in the lease as an agreement for an extension of the lease and not for a renewal. If it had been a provision for a renewal, then notice on Veidt’s part would be necessary in order to entitle him to remain longer. (Jones on Landlord and Tenant, Section 339.) But there is a distinction made in the cases between a renewal of a lease and an extension, and in the case of the léase before us, no notice is required to entitle the tenant to the additional term. Merely holding over under the lease constitutes an election to exercise the privilege or option. Jones on Landlord and *51 Tenant, Section 337; Fleischner v. Citizens’ Inv. Co., 25 Or., 119, and Harding v. Seeley, 148 Pa. St., 20.
When there is an option to the lessee to have the same term extended, no notice of an election to have the term continue is necessary, unless it is required by a clause in a lease. Jones on Landlord and Tenant, Section 340; Terstegge v. First German, etc., Society, 92 Ind., 82; Montgomery v. Board of Commissioners, 76 Ind., 362; Mershon v. Williams, 62 N. J. L., 779; Chandler v. McGinning, 8 Kans. App., 421, and 18 Am. & Eng. Ency. of Law (2 ed.), 693.
The case cited by counsel for plaintiff, Keppler Bros. v. Heinrichsdorf, 5 C. C., N. S., 112, which holds that notice was necessary, was a case in which the lease stipulated for a notice to be given by the tenant of his intention to accept or decline, six months before the termination of the lease.
We are therefore of the opinion that the defendant, being liable for the two years additional rent under the extension of the lease, was entitled to remain on the farm and plow and sow, and the petition of plaintiff should be dismissed.
But whether this conclusion be sound or otherwise, we are further of the opinion that the plaintiff is not entitled to invoke the jurisdiction of a court of equity, as she has done in this case, when she has a plain, adequate remedy at law. Possession of this farm after March 1, 1915, is what the plaintiff sought. The plowing of the fields was not in the nature of waste, nor is it claimed that any substantial injury was being done to the freehold so as to entitle plaintiff to an injunction to *52 prevent the commission of waste. Plaintiff could have brought an action in forcible entry and detainer, if, as she averred, the defendant was a tenant at sufferance, because if this claim were true then defendant was holding over his term and not a tenant at all, and forcible entry would lie. There would be no question of title involved, as a tenant holding over would not be permitted to question his landlord’s title. A tenant at sufferance has no term, but is in merely by the forbearance of the landlord to act, his omission to take action to evict the tenant. A tenancy by sufferance is not a tenancy at all. It is a mere holding by laches of the owner. Jones on Landlord and Tenant, Section 220-221.
But it is averred that the defendant claims some title adverse to plaintiff’s title and is in possession. The evidence does not disclose this to be true, but, if it were true, then the plaintiff’s remedy would be an action at law in ejectment to recover the lands, under Section 11903, General Code, in which action all questions of plaintiff’s and defendant’s titles, legal or equitable, could be raised.
Nor can it be claimed that plaintiff can maintain this action as one in equity to quiet title, because she is not in possession of the lands, and it is only those who are in possession of the real estate who may maintain an action to quiet title, unless the plaintiff claims as remainderman or reversioner, which plaintiff in this action does not aver. See Section 11901, General Code; Ellithorpe v. Buck et al., 17 Ohio St., 72, 75, and Bailey v. Hughes, 35 Ohio St., 597.
Nor can the question of title be raised in an in *53 junction proceeding. The question of title is one to be determined exclusively in a court of law.
“A bill to establish a legal title and to restrain proceedings at law will not be entertained, no equitable circumstances appearing in the case and nothing that prevents a full defense at law.” 1 High on Injunctions (4 ed.), Section 101, and DeGroot et al. v. Receivers, 2 Green Ch., 198.
Injunctions in cases affecting the possession of real estate would not be countenanced by the court of equity; and this has been the rule, from the-earliest times. 1 High on Injunctions (4 ed.), Section 344, and Lady Poines’s Case, 1 Vern., 156.
If one is in possession without legal title, the remedy is at law and not by injunction. 1 High on Injunctions (4 ed.), Sections 359, 360; Pfeltz et al. v. Pfeltz et al., 14 Md., 376, and Toledo Exposition Co. v. Kerr et al., 8 C. C., N. S., 369.
The averments of the petition in the case at bar, as in the case we next cite, disclose an action for the recovery of real property, ejectment, and the facts set out in the-case cited are so similar to the averments of the petition in the case at bar that we might well decide this case on that authority. Raymond v. T., St. L. & K. C. Ry. Co., 57 Ohio St., 271, proposition 4 of the syllabus.
On the ground that plaintiff is not entitled to a decree under the facts of the case, and because this court as a court of equity has no jurisdiction, this being a case at law, the plaintiff’s petition must be dismissed at her costs.

Petition dismissed.

Jones, Oliver B., J., concurs.