amount of his claim.    A decree may be drawn accordingly.

*Judgment reversed and judgment for plaintiff in error.*

KINDER and CROW, JJ., concur.

---

## THE STATE, EX REL. CAMPBELL, PROS. ATTY., *v.* BALLARD.

*Statute of limitations — Bureau of Inspection and Supervision of Public Offices — Cause of action founded on report — Statute of limitations begins to run, when.*

The special provisions of Section 286-3, General Code, that no cause of action on any matter set forth in any report made under authority and direction of Section 286, General Code, shall be deemed to have accrued until such report is filed with the officer or legal counsel whose duty it is to institute civil actions for the enforcement thereof, and that all statutes of limitations otherwise applicable thereto shall not begin to run until the date of such filing, apply in a case founded upon a report filed after the taking effect of such provisions. This is true despite the fact that the illegal payments of public moneys were made before the enactment of Section 286-3. The legislature by the enactment of Sections 286, 286-1, 286-2 and 286-3, General Code, not only created a new right, but also provided therein a new remedy for this new right, and that the statute of limitations against this cause of action to recover an illegal or unauthorized payment of public moneys should not begin to run until the filing of the report by the state officials.

(Decided May 28, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John V. Campbell,* prosecuting attorney, and *Mr. Smith Hickenlooper, Mr. Henry G. Hauck* and *Mr. Louis Capelle,* assistant prosecuting attorneys, for plaintiff in error.

*Messrs. Littleford, James, Ballard & Frost,* for defendant in error.

GORMAN, J.  In the court of common pleas a demurrer was filed to the petition of relator, on the grounds that the relator had no legal capacity to sue; that there was a defect in parties plaintiff; that the action was not brought within the time limited for the commencement of such actions; and that the petition did not state facts sufficient to constitute a cause of action.  The demurrer to the petition was sustained on the ground that the action was barred by the statute of limitations — the six-year statute — and the relator not desiring to plead further judgment was rendered in favor of defendant for costs.

The relator is in this court asking for a reversal of this judgment.

In his petition the relator sets out that the action was brought by the state of Ohio for the use and benefit of Hamilton county, in substance setting out that from January 1, 1908, to January 1, 1910, the defendant was the solicitor of the city of Cincinnati, and that during said period John M. Thomas, Jr., was one of the assistant city solicitors and was designated to act and was acting during said period as the prosecuting attorney of the police court of the city of Cincinnati; that the board of commissioners of Hamilton county appropriated each year during the said two years eight hundred dollars for

the purpose of paying the salary of the police court prosecutor, without designating the name of the person to whom said money was to be paid; that the defendant Edward M. Ballard collected from Hamilton county on account of said appropriation the sum of $1,399.94, in monthly installments, between May 7, 1908, and January 15, 1910, inclusive; that after the termination of the services of said Thomas he presented a claim to the commissioners of Hamilton county for the sum of $1,400, with interest, on account of his services as prosecuting attorney of the police court, and claimed said sum as compensation for said services; that the claim was rejected, and upon the final hearing of the case in the supreme court of Ohio on January 20, 1914, said Thomas was awarded the full amount of the claim made by him, with interest. The petition further avers that on April 8, 1915, after said cause had been decided, the Bureau of Inspection and Supervision of Public Offices of the State of Ohio made a finding for the recovery of said moneys paid to said Ballard, and in such finding it was held that said Ballard should return to the treasury of Hamilton county said sum of $1,399.94, with interest; that said Ballard refused to make a refunder of said sum or any part thereof; and that thereupon this action was brought to recover said sum.

The prosecuting attorney instituted this action by virtue of Section 2921 of the General Code, and Sections 286, 286-1, 286-2 and 286-3, General Code (103 Ohio Laws, 506, 507, 508 and 509).

Section 286, as amended May 3, 1913 (103 O. L., 507), provides that the report of the examination

(made by the Bureau of Inspection and Supervision of Public Offices) shall set forth in such detail as may be deemed proper by the bureau, the result of the examination as to any public moneys which have been illegally drawn from the public treasury, or illegally expended, and shall be filed with the prosecutor of the proper county.

Section 286-1 provides that the civil action provided for in Section 286 may be heard and determined in any court having jurisdiction of the amount involved, and having jurisdiction to afford the remedy prayed for.

Section 286-3 provides that no cause of action on any matter set forth in any report made under authority and direction of Section 286, General Code, shall be deemed to have accrued until such report is filed with the officer or legal counsel whose duty it is to institute civil actions for the enforcement thereof, and that all statutes of limitation otherwise applicable thereto shall not begin to run until the date of such filing.

By the provisions of Section 2921, General Code, it is made the duty of the prosecuting attorney to bring an action to recover any public moneys illegally drawn from the public treasury; and by the provisions of the sections just cited (286, 286-1, 286-2, and 286-3), it is also made his duty to commence an action for the recovery of moneys illegally withdrawn from the public treasury.

It would appear from the averments of the petition that such payment made to the defendant herein was on January 15, 1910, and if Sections 11222 and 11236, General Code, apply, then it would appear that the action was barred on

January 15, 1916. This action was not commenced until April 27, 1916.

We are of the opinion, however, that the special provisions of the code, Section 286-3, being applicable to claims of this character, would apply to this case, rather than Sections 11222 and 11236, above cited. It appears to us that the legislature not only created a new right by Sections 286, 286-1, 286-2 and 286-3, but also provided therein that all statutes of limitations otherwise applicable thereto shall not begin to run until the date of the filing of the report by the Bureau of Inspection and Supervision of Public Offices. In other words, they provided a new remedy for this new right, and also that the statute of limitations against this cause of action to recover the illegal or unauthorized payment of public moneys should not begin to run until the filing of the report by the state officials. This report having been filed on April 8, 1915, if we are correct in our conclusion, there would be no bar to the action until the 8th of April, 1921.

There is no vested right to a remedy in favor of anybody. The legislature may, if it sees fit, amend, repeal or alter any section of the General Code relating to the remedy, but this they cannot do so as to affect pending actions unless it is specifically so provided. Section 26, General Code, prohibits the legislature from passing any act or amending any statute which affects the remedy so as to make it applicable to pending actions, unless the act specifically provides that it shall apply to pending actions. But at the time Sections 286, 286-1, 286-2 and 286-3 were enacted by the legislature this suit

was not pending, and therefore the inhibition of Section 26, General Code, cannot apply.

There is no doubt that statutes limiting the time within which actions may be brought are statutes of repose, and relate to the remedy only. It is unnecessary to recite authorities in support of this plain proposition. And it was held in *Elder* v. *Shoffstall,* 90 Ohio St., 265, quoting from the language of the court on page 274:

"In view of the plain and positive provisions of the law, it follows that causes of action, prosecutions or proceedings existing at the time of the amendment or repeal of statutes relating to the remedy are not exempt from the operation of such amendment or repeal."

So that if we treat Sections 286, 286-1, 286-2 and 286-3 as amendments to Sections 11222 and 11236, these amendments, nevertheless, being applicable only to the remedy and not affecting the cause of action, cannot be invoked to bar an action which was not commenced at the time these sections were passed. The cause of action existed, but the cause of action was not affected by these amendments, and under the provisions of Section 26, General Code, there is no reason why the statutes may not be amended or repealed so long as they do not affect pending actions, and do not affect causes of action, unless particularly specified.

But Sections 286, 286-1, 286-2 and 286-3 are not to be considered as amendments to Sections 11222 and 11236, but are really new legislation, and, under the decision of *W. & L. E. Rd. Co.* v. *Toledo Ry. & Term. Co.,* 72 Ohio St., 368, it has been held

that Section 26, General Code, does not apply to new legislation.

It is claimed by counsel for defendant in error that the statute of limitations which governs this action is one which was in force at the time the cause of action accrued, to-wit, January 15, 1910. But as we have stated, this cause of action, which is a new one in favor of the state, did not accrue until the state officials had filed their report with the prosecuting attorney.

Numerous authorities are cited by counsel for defendant in error in support of his contention that Section 11236, General Code, applies to this action. But an examination of the history of this legislation will disclose that this section was originally Section 4974, Revised Statutes, and was repealed when the legislature passed the General Code, February 14, 1910. Section 11236 was then substituted for Section 4974, Revised Statutes. Section 4974, Revised Statutes, contains the provision that the statute of limitations in force when the action accrued shall be applicable to such cases according to the subject of the action and without regard to the form. The legislature in repealing Section 4974, Revised Statutes, and substituting therefor Section 11236, General Code, omitted this provision entirely from the code. So that the decisions cited by counsel for defendant in error, in support of his contention that Section 4974, Revised Statutes, applies to this action, were all rendered at the time when Section 4974, Revised Statutes, was in full force and effect. We are unable to see anything in the provisions of Section 4974, Revised Statutes, as amended, Section 11236,

General Code, or in Section 26, General Code, which would preclude the legislature from providing separate legislation for the creation of the new right and new remedy in favor of the public against any person who received any money illegally from the public treasury.

Such being the conclusion of the court, we hold that the common pleas court erred in sustaining the demurrer to the petition, and the judgment is therefore reversed.

*Judgment reversed.*

JONES, P. J., and HAMILTON, J., concur.