Lieghley, J.
The parties stood in reverse order in the court below, and for convenience will be mentioned herein as they were below.
The plaintiff brought suit in the common pleas court upon a benefit certificate of the defendant company for the sum of $1,000, which covered the life of her husband, John Nyiry. Trial was had in the court of common pleas, which resulted in a judgment for plaintiff, from which judgment error was prosecuted to the court of appeals, and upon due consideration thereof the court of appeals reversed the judgment on the weight of the evidence and entered final judgment. Error was prosecuted to the supreme court of Ohio, which resulted in an affirmance of that part of the judgment of the court of appeals reversing the case on the weight of the evidence, and a reversal of that part in which it undertook to render final judgment. The case was remanded to the court of common pleas for further proceedings. The cause again-came on-for trial in the common pleas, and resulted in a verdict for plaintiff, upon which judgment was entered, from which judgment error is prosecuted to this court to reverse the same.
It appears from the record that the deceased was examined in August, 1910, by Dr. Evans, who found him suffering from enlarged spleen and liver, and again examined in March, 1911, at which time the doctor found him afflicted in the same manner, but with the disease somewhat progressed. *94 The deceased took sick about January 26, 1911, afflicted with cirrhosis of the liver and a general dropsical condition. He was taken to the hospital and there examined by other doctors, who made the same diagnosis of his condition. The doctor who examined him in January declared that he was in the tertiary stage; that the disease is divided into three stages, primary, secondary and tertiary; and that the disease had progressed to the most advanced stage. The doctors agree that considerable time is required for the development of this disease to the stage in which they found him upon examination. In the early part of March he was in Lakeside Hospital and was examined by the house physicians. These doctors were called, and testified as to the advanced stage of his disease, and that the deceased had told them that he had been suffering for over eight months therefrom. The proof is overwhelming, when the testimony of the doctors and those who are presumed to know is considered, that the deceased in December, 1910, and theretofore, was afflicted with the disease of which he died about May 29, 1911.
. In the early part of December, 1910, the deceased was an applicant to membership in the society of defendant. The application is a part of the policy, and contains questions propounded to the applicant and his answers thereto recorded, which are made warranties of the truthfulness thereof by the terms of the contract.
In the answer filed by defendant it is claimed that said application contains the following question: “When and by what physician were you last attended and for what complaint?” That the answer *95 recorded thereto is “No.” And the defendant claims that the answer to this question was false and untrue, and, being a warranty, defeats plaintiff’s right of recovery.
A reply was filed thereto by the plaintiff in which facts are plead to the effect that said question was never propounded to the applicant and the answer not given. Facts are plead in the reply which it is claimed constitute an estoppel.
Plaintiff sought to verify her position and more solidly establish her right to recover by calling a large number of witnesses to testify as to the physical appearance and condition of the applicant at or about the time the certificate was issued. However, these witnesses could only testify as to appearances at that time, and were not such as were thoroughly qualified to pass upon the fact of whether or not the applicant was diseased in the manner overwhelmingly established by the medical proof in the case and the circumstances and facts developed by the proof.
The state of the evidence has not been changed in any respect from what it was when the case was formerly here for review; with this exception, that the jury was requested by interrogatory to answer the following question: “Did the examining physician for the defendant when he prepared the application of John Nyiry, ask of him the following question: When and by what physician were you last attended and for what complaint ?’ ” To which question the jury answered: “John Nyiry was not asked the following question: When and by what physician were you last attended and for wh&t complaint ?’ ”
*96 The force of this interrogatory and answer thereto is rendered negligible by the state of the proof. The physician who examined him as an applicant testified that he did not ask that exact question; that he used the word “doctor” for “physician,” and the word “sickness” for “complaint,” in order that he might the better reach the understanding of the applicant. He gave the exact substance of the question, but not the exact words. In short, the request for special finding submitted to the jury was not based upon the state of the proof in the case, and the jury truthfully could only answer “No,” for the defendant was not claiming that the question in the exact words was submitted; but it claimed at all times, and proved, that the whole substance and the exact meaning of the question was put to the applicant. So that the special finding of the jury after all presents a new fact, but one of little or no probative value.
We have therefore reached the conclusion that the state of the evidence is the same now as it was when the case was here before for review, and that the judgment of the court below should be reversed on the weight of the evidence, unless the established law of the state precludes us from a judgment of reversal.
Section 11577, General Code, reads sis follows:
“The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
*97 This section was formerly Section 5306, Revised Statutes, and received judicial interpretation in the case of The Columbus St. Ry. Co. v. Pace, 68 Ohio St., 200, the syllabus of which reads as follows:
“The provision in Section 5306, Revised Statutes, that: ‘The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case;’ has special and exclusive application to trial courts, and such provision does not operate as a limitation upon the power of the circuit court, as a court of error, to reverse a case any number of times, on the ground that the verdict of the jury in the trial court was against the weight of the evidence.”
In the opinion, Crew, J., at page 209, says as follows:
“It was doubtless the design and purpose of the legislature by the enactment of Section 5306, Revised Statutes, to thereby restrain the unlimited discretion of trial courts over verdicts of juries, whose peculiar province it is under our system of jurisprudence, to determine the facts. But in the absence of any such expressed intention, or irrestible implication arising from the language employed in the statute itself, we think it could not have been intended by the legislature by this act to limit, or take away the jurisdiction, or to restrict and limit the power of the circuit court to but a single reversal, on the ground that the verdict of the jury in the court below was against the weight of the evidence. To give this act a construction that would thus restrict the power of the circuit court, would, we think, be far more calculated to *98 injure than to preserve, the usefulness of the trial by jury:”
Section 11577, General Code, will be found in the chapter relating to the jurisdiction and procedure of trial courts. Presumably the legislature had in mind only and was dealing solely with the subject about which it was legislating. Neither by express words nor by words that will reasonably bear the implication is this section made referable to any other court than the trial court. In the absence of such, the presumption is strong that the application of the section is limited to the subject-matter being dealt with.
We are not unaware of the fact that said Section 5306, Revised Statutes (now Section 11577, General Code), was amended by the legislature in 1908 by the addition thereto of the following words:
“Nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”
. Reference to this amendment was omitted from the original opinion for the reason that, in our judgment, the section as amended does not in any degree change the principle which controls the situation in the present case. Nor does the amendment, in view of the fact that the jurisdiction of this court is exclusively' obtained from the present constitution, render less forcible the language of the supreme court in the case last above cited, nor change the rule governing this case. Reference thereto was omitted for the reason that, if the section expressly mentioned the court of appeals, as we view it, the situation would not be altered. The jurisdiction of the court of appeals is obtained *99 solely from, and is defined by, the 'constitution. The legislature has no authority to say what subject-matters are cognizable by courts of appeals. Thompson v. Redington et al., 92 Ohio St., 101; Bayes v. The Midland Casualty Co., Id., 303, and Cincinnati Polyclinic v. Balch, Id., 415.
In the opinion in the Polyclinic case, the court, at page 418, says:
“Section 6, Article IV, as amended, confers upon the courts of appeals jurisdiction to review, affirm, modify, or reverse all judgments of the courts of common pleas. There is no authority on the part of the legislature to limit the jurisdiction of the courts of appeals to any particular class of judgments. It cannot add to or take from the appellate jurisdiction of the courts of appeals now conferred by the constitution.”
However, it is urged that the right of a second reversal is governed by Section 11577, General Code, as amended, upon the ground that the same is procedural. This might perhaps have been claimed at a time when the jurisdiction of this court was prescribed by statute. But not so, after the jurisdiction of this court was fixed by a vote of the people of Ohio in 1912, in the form of an amendment of Article IV, Section 6 of the Constitution. It is to be presumed that in so changing the jurisdiction of this court from a statutory to a constitutional source, a real change was intended. An intended change from the amended statute of 1908 may be conjectured.
The language of the constitution now is:
“The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, *100 prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law.”
It will be noticed that the language is “the judgments.” Is the judgment following a second trial of a cause any less a judgment than the one following the first trial of a cause? If the legislature may declare that the jurisdiction of this court is diminished to the extent of denial of the right to review a second judgment on the weight of the evidence, on the ground that it is procedural, then are we not obliged to look to the statutes as well as to the constitution for our jurisdiction? May the legislature make two classes of judgments, those following a first trial and those following a second trial, and then say, you may reverse the first class but not the second? If so, then it may deny the right to reverse a second time for error in the exclusion of evidence. Or, it may deny the right to reverse a case a second time for error in the charge. The supreme court of Ohio has denied to the legislature this authority in the language above quoted.
When a petition in error shall be filed, when a bill of exceptions shall be presented and filed, what bond shall be given, what steps shall be taken to transfer a cause for review, are procedural matters. But when once transferred in compliance with prescribed rules, the right to entertain and consider the subject-matter is jurisdictional. If no method for prosecuting error from the judgments of the court of common pleas was provided, *101 another question would be presented. But one is provided, and in the case at bar all necessary steps were taken to obtain a review, and a judgment of the court of common pleas is before us. The constitution says you may review the judgment of the court of common pleas. The supreme court of Ohio said, in the language above quoted, you may review all judgments. In face of this authority, it is urged that power yet resides in the legislature ; and that a legislative enactment may be invoked to dispute our authority to review and reverse this kind of judgment — that this kind of judgment is in a class by itself.
We are not unmindful of the case of The Mahoning Valley Ry. Co. v. Santoro, Admr., 93 Ohio St., 53. If the syllabus states the law of the case, it is silent upon the subject of the right- of a court of appeals to reverse a case a second time upon the weight of the evidence. However, the opinion by a majority of the court deals with the subject. So far as the language of this case is concerned, the case of Columbus St. Ry. Co. v. Pace, supra, was not considered, referred to, or disapproved. The dissenting opinion by Judges Newman and Jones held that Section 11577, General Code, has no reference to courts of appeals; that the right of reversal is jurisdictional and not procedural; that the court of appeals now obtains its jurisdiction from the constitution, where formerly it was granted by statute; and that, so far as said section may be claimed to be applicable to the courts of appeals, it is in conflict with the constitution.
So we hold that this court has jurisdiction 1o *102 reverse the same case a second time on the weight of the evidence against the same party, for the following reasons:
1. Said section is a part of the chapter relating to the trial court, and, in the absence of express words or of words creating the inference, said section has no application to courts of appeals.
2. That the right of reversal is granted to the court of appeals by the constitution, is jurisdictional and not procedural, and if said sections may be said to apply to this court it is to that extent in conflict with the constitution.
We are supported in this opinion and derive our authority for it from the case of Columbus St. Ry. Co. v. Pace, supra, in which judgment all members of the court concurred; and also from Cincinnati Polyclinic v. Balch, supra, and the dissenting opinions of Judges Newman and Jones in the case of Mahoning Valley Ry. Co. v. Santoro, supra.
Our opinion in this matter is opposed by the majority opinion in the case of Railway Co. v. Santoro, supra, in which case, however, the syllabus is silent in respect to the subject-matter under consideration.
In this unsettled state of the law as to what our jurisdiction is and what our right is in respect to reversing the same case a second time upon the weight of the evidence, we adhere to the opinion that we have jurisdiction to do so, and the judgment of the lower court is reversed and the cause remanded at the costs of the defendant in error.

Judgment reversed.

Grant and Carpenter, JJ., concur.