## MCMAHON ET AL., EXRS., *v.* KELLER.

*Error proceedings — "Judgment" defined — Section 11582, General Code — Entry opening judgment and permitting defense — Jurisdiction of court of appeals — Section 6, Article IV, Constitution, 1912.*

The entry of a court opening up a judgment and permitting a defendant who was served by publication to answer, is not a final determination of the rights of the parties, and therefore does not constitute a "judgment," as defined by Section 11582, General Code. Hence, error proceedings do not lie to the court of appeals under favor of Section 6, Article IV, Constitution, 1912.

(Decided December 24, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

ON MOTION to dismiss petition in error.

*Mr. David Perris* and *Mr. Wm. G. Stuber,* for plaintiffs in error.

LIEGHLEY, J. The parties stood in the same order below.

The plaintiffs filed their petition in the court of common pleas to construe a will, in which action the defendant was made a party and service duly had upon her by publication. The case proceeded to judgment in May, 1917. In September, 1917, the defendant filed an application, under favor of Section 11632, General Code, to open the judgment entered in the second preceding term of court. Her application was based on the claim that the service being only constructive upon her, she had, in fact, no notice of the proceedings, and affidavits pro and con were filed directed to this issue. Upon hearing, the court reopened the case and permitted defendant to file her answer. From this order, amounting to a vacation of the judgment, error is prosecuted to this court to reverse the same. A motion was filed by defendant to strike the petition in error from the files on the ground claimed that the entry from which error is prosecuted to this court is only a *final order* and not a *judgment;* that our jurisdiction to review is limited by the constitution to a review of judgments.

It was conceded in argument that the entry of the court below was a final order. However, it is claimed by the defendant that a final order is not a judgment, and, by the plaintiffs, that the proper construction of the constitution would require us to include within the term "judgments" all such final orders as were previous to the constitutional amendment reviewable on error.

Statutes were the exclusive source of the jurisdiction of this court, preceding the amendment of

the constitution in 1912. This order of the court below would have been reviewable on error under those statutes. *Ralston et al.* v. *Wells,* 49 Ohio St., 298.

Our jurisdiction is now exclusively derived from Section 6, Article IV of the Constitution as amended in 1912. The language of the constitution confers upon this court the right to review, affirm, modify or reverse the *judgments* of the court of common pleas, etc. It will be noticed that the language does not include the words "final orders."

Following several decisions of the supreme court of Ohio this court held in the case of *Modern Brotherhood of America* v. *Nyiry,* 8 Ohio App., 92, that the legislature has no power to enlarge or diminish the jurisdiction conferred by the constitution of the state. *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415.

Section 12247, General Code, undertakes to confer jurisdiction upon this court to review on error "a judgment rendered or final order made by a court of common pleas." In view of the holding of the supreme court in several cases reported in 92 Ohio State, and followed by us in the above-mentioned case, this statute cannot have the effect of enlarging the jurisdiction conferred by the constitution. Therefore, unless it be determined that the final order in the case at bar amounts to a judgment, we are without jurisdiction to entertain this case, and the motion should be granted to dismiss the petition in error.

Section 11582, General Code, defines a judgment as follows: "A judgment is the final determination of the rights of the parties in action."

This statutory definition of a judgment agrees with and is declaratory of the general understanding of many definitions of what a judgment is. Is the final order in this case a final determination of the rights of the parties in the action below?

If we entertain jurisdiction of this error proceeding and hold that the court did not err in opening the judgment, then the case will proceed to trial on the merits in the court below. The same would have occurred if plaintiffs had not elected to prosecute this error proceeding. Under the circumstances a final determination of all the rights of the parties in the action below will only have resulted when there is a trial upon the merits. In this error proceeding we are asked to review only the evidence before the court below on the application to open the judgment and the right of the court to do so under the circumstances. True, it is conceded to be a final order, which affects a substantial right of the plaintiffs, but we think it falls far short of being a final determination of the rights of the parties in the action below, and, therefore, does not rise to the dignity of the statutory definition of a *judgment.*

The opinion in the following case is not directly in point, but analogously may throw some light upon this question before us. *Trustees* v. *McClannahan et al.,* 53 Ohio St., 403, 406.

It is claimed by the plaintiffs, however, that we should construe the word "judgments" in the constitution to include final orders under a rule of statutory construction announced by the supreme court of Ohio in the case of *The American Woodenware Mfg. Co.* v. *Schorling,* 96 Ohio St., 305, particu-

larly the first paragraph of the syllabus thereof, which reads as follows:

"In the construction of amendments to the constitution or to statutes, the body enacting the amendment will be presumed to have had in mind existing constitutional or statutory provisions and their judicial construction touching the subject dealt with."

We must assume that the constitutional convention, which transferred the source of our jurisdiction from statutory enactments to the constitution itself, had a full understanding of the then existing statutes and decisions of the state, and a clear comprehension of the same. The statute granting jurisdiction to this court to review on error then recited both judgments and final orders. The constitutional convention wrote into the constitution the word "judgments," only. The people of Ohio thereafter adopted the constitution as amended in that form. We think the familiar maxim of interpretation in the construction of this change of the matters to be reviewed by this court applies here—*expressio unius est exclusio alterius.*

In reaching this conclusion the writer of this opinion has to some extent been influenced by resorting to a matter of common knowledge, known by all interested in the judicial procedure of the state. It is well known to all that just preceding the last constitutional convention we heard frequent complaint about the law's delay, and it was claimed that the same was occasioned by the opportunity to review interlocutory matters during the progress of litigation whereby a final trial upon the merits was postponed and delayed. To what extent these

complaints influenced the calling of the convention, the above change of our jurisdiction by the convention, the adoption of the constitution as amended by the people thereafter, we are unable to say. However, we do know that such talk was common, whether groundless or founded on fact. We further know that immediately preceding the constitutional convention, the slogan of *one trial and one review* was the one used by the many who sought to change the judicial procedure of the state, and it was urged by them as the panacea for all our judicial ills. These facts are not controlling in reaching the conclusion that we have, but are mere side lights upon the question whether or not in construing the language of the constitution, as amended, effect should be given to the change. If effect is not to be given to the transfer of the source of our jurisdiction to the constitution, and to the change in the language of the constitution as distinguished from the language of the statute, then there was little need or benefit in making the changes.

The motion to dismiss the petition in error is allowed.

*Motion to dismiss petition in error allowed.*

GRANT and CARPENTER, JJ., concur.