**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3730

———————

UNITED STATES OF AMERICA

v.

ANGEL PRADO,
APPELLANT

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3-15-cr-00151-001)
District Judge: Honorable Robert D. Mariani

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2019

———————

Before: SMITH, *Chief Judge*, McKEE and PHIPPS, *Circuit Judges*.

(Opinion filed: December 24, 2019)

———————

OPINION[*]

———————

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Angel Prado appeals the denial of his motion to suppress heroin found when a car he was driving was stopped by police. After the District Court denied the motion, Prado entered a conditional guilty plea to violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Although we share the District Court's "dismay[]"[1] with the arresting officer's limited justification for initiating this traffic stop, for the reasons that follow, we will affirm the District Court's denial of Prado's motion to suppress the heroin that was seized.

We review the District Court's factual findings for clear error but our review of the court's legal conclusions is plenary.[2] The broad principles applicable here are the Fourth Amendment's protection "against unreasonable searches and seizures,"[3] and that a traffic stop is a "seizure" within the meaning of the Fourth Amendment.[4] Moreover, the Supreme Court has stated that a traffic stop may not be purposefully elongated to allow for a canine search.[5]

The District Court found the Trooper's testimony at the suppression hearings that he saw the car veer off the road to be credible.[6] However, the court ultimately concluded that the car never crossed the white line on the side of I-80.[7] Accordingly, we must

---

[1] App. 38.
[2] *United States v. Allen*, 618 F.3d 404, 406 (3d Cir. 2010) (quoting *United States v. Lafferty*, 503 F.3d 293, 298 (3d Cir. 2007)).
[3] U.S. CONST. AMEND. IV.
[4] *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).
[5] *Rodriguez v. United States*, 135 S.Ct. 1609, 1616 (2015).
[6] *Id.* at *4-5.
[7] *United States v. Prado*, 3:15-CR-151, 2017 WL 1653957 at *4 (M.D. Pa. May 1, 2017).

conclude that the entire traffic stop was predicated on what appears to have been a reasonable mistake of fact. However, we need not consider any possible constitutional import of this reasonable mistake because it is uncontested that, after the traffic stop was concluded, Prado consented to a search of his car and executed a written consent form allowing Trooper Lindsay to conduct a search of the car. It is also uncontested that Trooper Lindsay informed Prado that he could withdraw that consent at any time during the search.[8] The District Court found that Prado knowingly and voluntarily consented to a search, and Prado does not now argue to the contrary.[8] Accordingly, we need not discuss whether the amount of time he was detained after consent was secured and the canine sniff was conducted was so unreasonable as to raise Fourth Amendment concerns.[9]

Inasmuch as Prado voluntarily and knowingly consented to a search of his car and did nothing to withdraw that consent while awaiting a canine search of the car he was driving, even though he had been informed that he could withdraw the consent at any time, we will affirm the judgment of the District Court.

---

[8] App. 44.
[8] App. 30, 43.
[9] *See Illinois v. Caballes*, 543 U.S. 405 (2005).