NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1934
_____

MELANIE MILLER,
Appellant

v.

USAA GENERAL INDEMNITY COMPANY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:21-cv-01889)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 6, 2024

Before: CHAGARES, Chief Judge, CHUNG and FISHER, *Circuit Judges*.

(Filed: January 7, 2025)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Melanie Miller suffered injuries after a motorist turned into oncoming traffic and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

struck a vehicle in which she was a passenger. At the time, Miller lived with her daughter, Kayleigh Halverson, and Kayleigh's grandmother, Tammy Halverson. Miller submitted a claim for underinsured motorist (UIM) benefits under a USAA General Indemnity Company auto insurance policy held by Tammy Halverson. After USAA declined to offer the full stacked UIM benefit, Miller brought suit for breach of contract and bad faith. The District Court granted USAA's motion for summary judgment, concluding that Miller is not a "covered person" under the policy's UIM provisions and, therefore, not entitled to benefits. We will affirm.[1]

To prevail on a motion for summary judgment, USAA as the moving party must show "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."[2] Miller argues there is a genuine issue of material fact on the breach of contract claim because she could be a covered person under the USAA policy's UIM provisions. The rules of interpreting insurance contracts in Pennsylvania are well settled.[3] The goal is to determine the intent of the parties, which begins with the policy's language.[4] "A policy must be read as a whole and its meaning construed

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity). This Court has jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). "Our standard of review is plenary, meaning we review anew the District Court's summary judgment decisions, applying the same standard it must apply." *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021).

[2] Fed. R. Civ. P. 56(a).

[3] *Meyer v. CUNA Mut. Ins. Soc'y*, 648 F.3d 154, 163 (3d Cir. 2011).

[4] *Id.*

according to its plain language."[5] The USAA policy lists Tammy Halverson as the only "Named Insured" on the policy's declarations page[6] and, as relevant here, limits UIM coverage to the named insured or "family member[s]" of the named insured.[7] It defines a "[f]amily member" as a person related to the named insured "by blood, marriage, or adoption" and primarily residing in the same household as the named insured.[8]

Miller contends that Kayleigh Halverson is a named insured under the USAA policy because Kayleigh Halverson is listed (or "named") as an "operator" on the policy's declarations page.[9] Miller must then be an insured, she implies, because she is a relative of the named insured, referring to Kayleigh Halverson.[10] However, if someone is "merely a driver under the policy," that does not give her "'named insured' status."[11] The USAA policy is clear that Kayleigh Halverson is an "Operator[]," not a "Named Insured."[12] There is no evidence in the record that Miller is related to the named insured,

---

[5] *Id.*

[6] App. 55.

[7] App. 107.

[8] App. 95.

[9] Appellant's Br. 14 & n.3.

[10] Miller does not take issue with the District Court's conclusion that "[she] is not related to Tammy Halverson by blood, marriage, or adoption." App. 20. That is to say, Miller does not assert that she is related to Tammy because she and Tammy are both related to Kayleigh. We therefore need not determine whether that argument would comport with the policy's definition of a "family member," App. 95, or "relative" as used in the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. Cons. Stat. § 1702.

[11] *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 639 n.3 (3d Cir. 2000).

[12] App. 55.

Tammy Halverson, by blood, marriage, or adoption.

Miller further argues that the policy's express limitations on the persons covered under its UIM provisions conflict with the requirements of the MVFRL.[13] She argues that those limitations, which exclude her as a covered person, act as an improper disguised waiver of the MVFRL's UIM stacking requirements. The MVFRL defines "insured" as either "[a]n individual identified by name as an insured in a policy" or "[i]f residing in the household of the named insured: . . . a spouse or other relative of the named insured."[14] The MVFRL does not define "named insured" or "relative." In Pennsylvania, "[n]o motor vehicle liability insurance policy shall be . . . issued" without offering UIM coverage—and stacked UIM coverage when more than one vehicle is covered—though the "named insured" can expressly waive such coverage.[15]

Miller is generally correct that UIM coverage and stacked benefits cannot be waived in any way other than by the named insured completing the form provided in the statute.[16] But the issue here is not whether the named insured waived UIM benefits, expressly or otherwise. Indeed, the USAA policy includes full, stacked UIM benefits for

---

[13] 75 Pa. Cons. Stat. §§ 1701–1799.7.

[14] *Id.* § 1702.

[15] *Id.* §§ 1731(a), 1738.

[16] *Id.* §§ 1731(b), 1738(b); *see also Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 233 (3d Cir. 1992) (holding that "a request for lower coverage [must] be in writing by a named insured"); *Gallagher v. Geico Indem. Co.*, 201 A.3d 131, 132 (Pa. 2019) (holding that, depending on the circumstances, a "household vehicle exclusion" provision in a UIM policy can be invalid as a de facto waiver of stacking).

"covered persons." Unfortunately for Miller, she is not a covered person, and "[a]bsent a statutory prohibition, . . . exclusions limiting the scope of UIM coverage . . . are generally enforceable."[17]

With regard to the bad faith claim, Miller argues that USAA acted in bad faith by denying her request for the full $900,000 stacked UIM benefit and insisting she is not a covered person under the policy. As evidence, she points to USAA's initial offer to settle the UIM claim for $300,000, which she says created a reasonable expectation that her claim would be covered. USAA offered the $300,000 settlement in exchange for releasing USAA "from any and all claims that [Miller] may have under" the policy.[18] Miller rejected the offer and inquired about the availability of the policy's larger stacked benefit, after which USAA discovered that Miller does not meet the definition of a covered person under the policy. It is not bad faith to conduct a thorough "post-claim eligibility investigation."[19]

A court can award interest and punitive damages in an insurance policy action when the "court finds that the insurer has acted in bad faith toward the insured."[20] But the duty of "good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant."[21] Miller faces the same problem here as she does in her breach of

---

[17] *Mid-Century Ins. Co. v. Werley*, 114 F.4th 200, 207 (3d Cir. 2024).
[18] App. 39.
[19] *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 138 (3d Cir. 2005).
[20] 42 Pa. Cons. Stat. § 8371.
[21] *Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 571 (Pa. Super. Ct. 1992).

5

contract claim—she is not an "insured" under the UIM provisions of the USAA policy. USAA does not have a duty of good faith with respect to Miller, and so her statutory bad faith claim cannot succeed.

For the foregoing reasons, we will affirm.