NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3077
_____

UNITED STATES OF AMERICA

v.

ERNEST HARRIS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cr-00103-001)
District Judge: Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2025

Before: SHWARTZ, MATEY, and FISHER, *Circuit Judges*.

(Filed: October 17, 2025)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Ernest Harris pleaded guilty to one count of possession of a firearm and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ammunition by a convicted felon. Harris appeals the District Court's denial of his motion to suppress, a right he preserved as a condition of the plea agreement. We will affirm.[1]

Harris argues that the firearm and ammunition recovered during a search of his home should have been suppressed because the search warrant was not supported by probable cause. He claims that the supporting affidavit, sworn to by FBI Special Agent Bryan Distelrath, did not establish probable cause to believe that a search would reveal evidence of either the firearm-possession crimes or the drug crimes listed in the warrant. Applying the same deferential standard as the District Court, we review whether the magistrate judge had a "substantial basis" for concluding that the warrant's supporting affidavit established probable cause.[2] Probable cause exists when, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3]

The magistrate judge had a substantial basis for concluding there was a fair probability of finding evidence of a firearm-possession crime in Harris's home, in his vehicle, or on his person. In a phone call intercepted by law enforcement, Harris told a story where, after being confronted by an acquaintance, Harris "[ran] down" the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 (offenses against the laws of the United States). We have jurisdiction pursuant to 28 U.S.C. § 1291 (final decisions of district courts).

[2] *United States v. Miknevich*, 638 F.3d 178, 182 (3d Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

[3] *Id.* (quoting *Gates*, 462 U.S. at 238).

acquaintance with "the joint out."[4] The acquaintance started to run away and fell twice. Harris told the acquaintance, "I coulda had you," and he later suggested that he was worried about cameras because he was not wearing a mask that day.[5] Based on his training and experience, Agent Distelrath understood the story to mean that Harris chased the acquaintance with a handgun and threatened to shoot him, but that Harris refrained because of cameras in the area.

In another intercepted phone call, Harris's associate asked if Harris knew anyone who would want to purchase a "wop."[6] Harris inquired as to the type—whether it was an "R-A-izzy . . . a A-kizzy . . . [or] a SK . . . ."[7] As he explained in the affidavit, Agent Distelrath believed that Harris and his associate were discussing the sale of a semi-automatic weapon, such as an AR-15, AK-47, or SKS rifle. These phone conversations— the first suggesting that Harris possessed a firearm and the second suggesting that Harris participated in the sale or purchase of a firearm—provided the magistrate judge a substantial basis to conclude that there was a fair probability that law enforcement would find evidence of a firearm-possession crime.

Whether the supporting affidavit established a fair probability that law enforcement would find evidence of a drug crime is a closer question. The supporting

---

[4] App. 49.
[5] *Id.*
[6] App. 48.
[7] *Id.*

affidavit relied on intercepted phone calls between Harris and a known drug dealer. In the intercepted phone calls, the two did not explicitly discuss drugs. No investigator ever observed drugs during the relevant period. Although the affidavit described a conversation at a gas station between a known drug dealer and a "black male" in a Chevy Tahoe that was associated with Harris, the black male was not identified as Harris.[8]

However, even assuming a deficiency in the drug crime-related portions of the affidavit, any error is harmless because the portions of the warrant related to the firearm-possession crimes were supported by probable cause. When an "erroneously denied suppression motion did not contribute to the defendant's decision to plead guilty," the error is harmless.[9] Here, Harris was prosecuted only as a felon in possession of a firearm and not for any drug crime. The portion of the search warrant related to evidence of drug crimes "added absolutely nothing to the Government's case" on the sole felon-in-possession charge and "could not reasonably have contributed to [Harris's] decision to plead guilty" to that charge.[10] Therefore, any error is harmless.

At a minimum, the portions of the warrant related to the firearm-possession crimes were supported by probable cause, and any deficiencies in the drug crime-related portions of the warrant amount to harmless error. Accordingly, we will affirm.

---

[8] App. 47.

[9] *United States v. Dyer*, 54 F.4th 155, 160 (3d Cir. 2022) (quoting *United States v. Lustig*, 830 F.3d 1075, 1087 (9th Cir. 2016)).

[10] *Id.* at 161.