# Supreme Court Decisions.

## THE PROVISION LIMITING THE GRANTING OF NEW TRIALS ON WEIGHT OF EVIDENCE CONSTRUED.

### THE COLUMBUS STREET RAILWAY CO. v. PACE.

#### Decided, April 28, 1903—68 Ohio State, p. 200.

*On Weight of Evidence; Court Can Grant But One New Trial—Section 5306, Revised Statutes—Rule Has Exclusive Application to Trial Courts—Not Applicable to Circuit Court in Reversal of Case—Court Procedure.*

The provision in Section 5306, Revised Statutes, that "The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case," has special and exclusive application to trial courts, and such provision does not operate as a limitation upon the power of the circuit court, as a court of error, to reverse a case any number of times, on the ground that the verdict of the jury in the trial court was against the case on the weight of the evidence.

Error to the Circuit Court of Pickaway County.

Joseph T. Pace, defendant in error, brought an action in the Court of Common Pleas of Franklin County, Ohio, against the Columbus Street Railway Co., to recover damages for personal injuries. The case has been three times tried, twice in the Court of Common Pleas of Franklin County, and once in the Court of Common Pleas of Pickaway County. On the first trial the jury failed to agree, the second trial resulted in a verdict and judgment against the street railway company, and in favor of the plaintiff, Joseph T. Pace. This judgment was, on error, reversed by the Circuit Court of Franklin County. On a change of venue the case was tried the third time in the Court of Common Pleas of Pickaway County, which trial also resulted in a verdict and judgment in favor of Pace. Thereupon error was prosecuted by the street railway company to the Circuit Court of Pickaway County, which

court affirmed the judgment of the Court of Common Pleas. The street railway company, plaintiff in error, is asking, in this proceeding, a reversal of said judgment of affirmance. A further statement of the facts involved will be found in the opinion.

*Booth, Keating, Peters & Buller,* for plaintiff in error.

*Samuel Hambleton, W. M. Thompson* and *Bennett & Bennett,* for defendant in error.

CREW, J.; BURKET, C.J., DAVIS, SHAUCK and PRICE, JJ., concur.

The only question presented by the record in this case which we have thought it necessary at this time to consider or determine, is that of the proper interpretation, meaning and effect to be given to Section 5306, Revised Statutes, which section provides as follows: "The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case." This statute is of comparatively recent date and so far as we are advised has not heretofore received judicial interpretation in this state. Certainly not by this court. The office, meaning and intent of this statute are involved, and become material in this case, by reason of the action and judgment of the Circuit Court of Pickaway County, from which court this proceeding in error is prosecuted. As appears from the statement of facts in the record in this case, the Circuit Court of Franklin County, at the January Term thereof, 1901, reversed a judgment of the court of common pleas and granted a new trial in this case, assigning as one of the grounds for such reversal, "that the verdict of the jury was manifestly against the weight of the evidence." Thereafter upon a change of venue the cause was removed for trial to Pickaway county and was there tried in the court of common pleas of that county. On that trial the plaintiff, who is defendant in error here, was again successful, obtaining a verdict against the street railway company in that court for $9,100. The street railway company thereupon filed its motion for new trial, alleging among other grounds therefor, that: "Said verdict was contrary to the weight of the evidence, and was not sustained by sufficient evidence." This motion was overruled and the street railway company prosecuted error to the Circuit Court of Pickaway County, alleging as one ground of error

the overruling of said motion for new trial. Upon the hearing of the case in the circuit court that court refused to consider the case upon the weight of the evidence and refused to consider or pass upon that ground of error alleged in the motion for new trial, notwithstanding the overruling of said motion was one of the errors assigned and relied upon by plaintiff in error in its petition in error in that court. The reason given by said circuit court for such refusal can best be stated in the language of its only journal entry, which is as follows:

"The court, upon consideration of this action, find, that it appears in the record and proceedings herein, that at the January Term, A. D. 1901, of the Circuit Court of Franklin County, Ohio, upon a former hearing of this action between the same parties, said circuit court reversed a former judgment entered in this cause between the same parties, and granted a new trial on the weight of the evidence; and that by reason thereof this court is precluded from considering this cause on the weight of the evidence and from granting a new trial on that ground; and for that reason this court did not and does not consider, review or pass upon the error assigned in the petition in error, to-wit: That said common pleas court erred in overruling the motion for a new trial of this plaintiff in error on the ground that the verdict was against the weight of the evidence, and this court rules that it should not consider or pass upon the question of the weight of the evidence, and does not pass upon the same."

Whether this action of the circuit court was erroneous is the question here for determination.

In the consideration of this case we shall assume, but without deciding or expressing an opinion upon that question, that for the purpose of reviewing this case on error, the Circuit Court of Pickaway County and the Circuit Court of Franklin County, were and are within the purview and meaning of Section 5306 the *same* court. Thus leaving for determination in this case the naked question, whether by the prohibitive provisions of this section, the Circuit Court of Pickaway County was precluded from considering this case on the weight of the evidence, for the reason that the Circuit Court of Franklin County had previously reversed one judgment in the same case, on the ground that the verdict of the jury was not sustained by sufficient evidence. The answer to this question must be found in the proper construction and interpretation of Section 5306, Revised Statutes.

Do the provisions of this section apply alike to both trial and reviewing courts, or are they limited in their operation and effect to trial courts only? It is the claim of counsel for defendant in error that the provisions of this section apply alike to all courts, whether courts of review or trial courts, and that the Circuit Court of Pickaway County was therefore without authority to reverse this judgment on the ground that it was against the weight of the evidence, the Circuit Court of Franklin County having previously reversed one verdict in this case on that ground, and that being without right to reverse for that reason, said Circuit Court of Pickaway County was relieved from reviewing the case on the weight of the evidence, and therefore that its refusal so to do was not error. If counsel are right in their interpretation of the scope and meaning of the provisions of Section 5306, they are right in their conclusions, otherwise not. As indicated by its terms and provisions, this statute is essentially a statute of practice and procedure, and it is found in Revised Statutes under chapter 5, division 3, of title I, which title is denominated: "Procedure in the common pleas courts, and in the circuit courts on appeal," and while its position and place under this title is not necessarily conclusive or controlling in its interpretation, it is nevertheless significant as an aid in determining the intent and purpose of the Legislature as to its scope and operation, and as to the courts to which its provisions should apply, and having been placed under this title instead of under title IV, which latter title is designated: "Procedure in the Supreme Court, circuit courts and common pleas courts, as courts of error," would seem to evidence an understanding and purpose on the part of the Legislature that it should have effect and application as to circuit courts, only when sitting as courts of appeal or trial courts. The provision of this statute is not that the same court shall not reverse a case more than once on the weight of the evidence, against the same party in the same case, and it will be observed that the statute does not in express terms refer to the circuit court at all, nor does it, by apt language at least, attempt to limit or restrict the jurisdiction of that court as a court of error, as that jurisdiction is defined and conferred by Section 6709, Revised Statutes. However, if the construction of this statute contended for by defendant in error here is to obtain, it will go far towards nullifying the provisions of Section 6709, by materially limiting, and in certain cases ousting, the

jurisdiction in error conferred by that section upon circuit courts. That such was the intention of the Legislature will not be inferred, nor can any construction that will have such result properly be adopted, in the absence of the plainest expression of such intent and purpose upon the part of the Legislature itself. The statute under consideration is to be construed with reference to the whole system of which it forms a part, and as said in Sutherland on Statutory Construction, Section 288: "It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. For the purpose of learning the intention, all statutes relating to the same subject are to be compared, and so far as still in force brought into harmony, if possible by interpretation." *The City of Cincinnati* v. *Guckenberger,* 60 Ohio St., 353.

On the adoption of Section 5306 no change or amendment whatever was made in Section 6709, which latter section confers upon circuit courts jurisdiction to review and reverse any final judgment of the court of common pleas, and said Section 6709 is still in full force and effect, except in so far, if at all, as the same is rendered inoperative, or is by implication repealed, by the provisions of Section 5306. But repeals by implication are not favored, and this court has said in the case of *Dodge* v. *Gridley,* 10 Ohio, 178: "Where two affirmative statutes exist, one is not to be construed to repeal the other by implication, unless they can be reconciled by no mode of interpretation."

Applying these rules, it can hardly be supposed, when we consider its position in the statute and the nature and character of its provisions that Section 5306 was thus intended to conflict with, or in any measure repeal Section 6709, or to vary, limit or restrict the jurisdiction and authority conferred by said last named section upon circuit courts as courts of error and review.

Again, the language employed in Section 5306 would seem of itself to be such as to limit and restrict the application of the provisions of that section to trial courts only. That which is forbidden by the language of the section is the granting of more than one new trial on the weight of the evidence against the same party in the same case. A new trial is defined by Section 5305, Revised Statutes, to be: "A re-examination, in the same court, of an issue of fact," etc. But a circuit court in a case pending in that court

on error, which is reversed by that court for the reason that the verdict of the jury in the court below was against the weight of the evidence, is without jurisdiction or authority after such reversal, to re-examine and retry the issue of fact previously tried and passed upon by the jury in the lower court. The jurisdiction conferred upon the circuit court on proceedings in error, is to affirm, or to reverse, vacate or modify, the judgment of the lower court, but the circuit court is without authority after reversal to retry an issue of fact that has been tried and determined by the lower court. Therefore a judgment of reversal by the circuit court can not be held the granting of a new trial in the sense in which that term is employed in Section 5306, or within its meaning as defined by Section 5305.

The practice act of the state of Illinois which contains a provision very similar to that contained in Section 5306, Revised Statutes of Ohio, has received construction by both the Supreme and appellate courts of that state.

The fifty-seventh section of that act provides that: "No more than two new trials upon the same grounds shall be granted to the same party in the same cause." In the case of *Railway Co.* v. *Patterson,* this section was before the Supreme Court of that state for review at the September Term, 1879. At a former term that court had reversed a judgment of the lower court in the same case, on the ground that the verdict of the jury was not sustained by sufficient evidence. It was urged there, as it was urged in the circuit court by counsel for defendant in error in this case, that the statute prohibited the court from again reversing, as by so doing it would be to grant more than two new trials to the same party in the same case. Chief Justice Walker, in the opinion in that case, said: "The revision of 1874 has changed the section, previously in force, in the statutes. This section formerly in force in general terms prohibited the granting of more than two new trials to the same party in the same case. *Under* that section the question was before us in *Wolbrecht* v. *Baumgarten,* 26 Ill., 291; *Silsbey* v. *Lucas,* 53 Ia., 479, and *Stanberry* v. *Moore,* 56 Ill., 472. And in the last of these cases it was held that the statute does not operate to restrict this court in reversing judgments in the same case any number of times. And a third verdict was set aside in that case, because it was not sustained by the evidence, thus virtually holding that section had no application to the practice in this

court. The portion of the chapter on practice, in which this section is found, has no reference to practice in this court, and we are satisfied, when adopted, that it was the purpose that it should apply only to practice in the circuit and other courts trying the facts, and not to the appellate courts." *Railway Co.* v. *Patterson,* 93 Ill., 290.

Thereafter, in 1896, this section was before the appellate court, second district, of that state for review, in the case of *Railway Co.* v. *Alsdurf, Admr., etc.* Justice Crabtree, announcing the opinion of the court in that case, among other things said: "This case has been before this court on two former occasions, and twice the judgment of the court below has been reversed. * * * On the last occasion when this case was before us we reversed the judgment solely upon the ground that the verdict was against the evidence, and that is the principal reason now urged for a third reversal. * * * We are not unmindful that three juries have found the issues for defendant in error upon substantially the same evidence, and it is insisted by his counsel that a judgment will never be oftener than twice reversed, because the verdict is against the evidence. We do not understand that there is any such rule of law. In the case of *Stanberry* v. *Moore,* 56 Ill., 472, it was held that the statute which provides that no more than two new trials shall be granted in the same case, has special application to suits in the circuit court, and does not operate to restrict the power of the appellate court in reversing judgments in the same case any number of times. And in that case a third verdict was set aside by the Supreme Court because it was not supported by the evidence.

"In the case of *Railway Co.* v. *Patterson,* 93 Ill., 290, the same ruling was followed, and judgment based upon the verdict of a third jury was reversed, and the cause was not remanded.

"In a case where the verdict is clearly against the weight of the evidence, it is not only our right, but our duty, to set it aside and reverse the judgment." *Railway Co.* v. *Alsdurf,* 68 Ill. App., 150.

It was doubtless the design and purpose of the Legislature by the enactment of Section 5306, Revised Statutes, to thereby restrain the unlimited discretion of trial courts over verdicts of juries, whose peculiar province it is under our system of jurisprudence, to determine the facts. But in the absence of any such expressed intention, or irresistible implication arising from the language em-

ployed in the statute itself, we think it could not have been intended by the Legislature by this act to limit, or take away the jurisdiction, or to restrict and limit the power of the circuit court to but a single reversal, on the ground that the verdict of the jury in the court below was against the weight of the evidence. To give this act a construction that would thus restrict the power of the circuit court, would, we think, be far more calculated to injure than to preserve the usefulness of the trial by jury.

The judgment of the circuit court is vacated and this cause is remanded to that court with instructions to consider the case on the evidence.

*Judgment reversed.*