## CRIMINAL JURISDICTION OF JUSTICES OF THE PEACE IN HAMILTON COUNTY.

Court of Appeals for Hamilton County.

IN RE APPLICATION OF GEORGE HESSE FOR A WRIT OF HABEAS CORPUS.*

Decided, March 22, 1915.

*Justices of the Peace—Without Criminal Jurisdiction in Cincinnati Township—Municipal Court Act Not Affected by Section* 13423.

The special jurisdiction given to justices of the peace, police judges and mayors in criminal cases, conferred by Section 13423 as amended April 28, 1913, in no way modifies the Cincinnati Municipal Court act which gives to that court exclusive jurisdiction in Cincinnati township.

*H. C. Bolsinger* and *Pogue, Hoffheimer & Pogue,* for plaintiff in error.

*Max Levy,* contra.

---

*Affirmed by the Supreme Court, *In Re Application of George Hesse*, reported in 93 Ohio State.

GORMAN, J.

This is a proceeding in error to reverse a judgment of the court of common pleas discharging George Hesse from the custody of George L. Timberlake, a constable of Millcreek township, who held said Hesse under a warrant issued June 5, 1914, by Charles T. Dumont, a justice of the peace of Millcreek township.

The record discloses that Hesse at the time of his arrest was a citizen and a resident of Cincinnati township, and was charged with the commission of a misdemeanor in Cincinnati township—cruelty to animals. The sole question before this court is whether or not the justice of the peace had jurisdiction to issue the warrant.

Counsel for the complainant, Hesse, contend that under the provisions of the act creating the municipal court of Cincinnati, 103 Ohio Laws, page 27, Section 41, no justice of the peace outside of Cincinnati township had jurisdiction to issue the warrant under which Hesse was arrested. The section in substance provides, among other things, that no justice of the peace in any township of Hamilton county, outside of Cincinnati township, shall have jurisdiction in any criminal proceeding in which a warrant, order of arrest, summons, order of attachment or garnishment or other process except subpoena for witnesses, unless the offense charged shall be alleged to have been committed within said township where the warrant is issued. Section 43 of said act deprives justices of the peace of Cincinnati township of all criminal jurisdiction.

Counsel for the constable, Timberlake, maintain that by virtue of the act passed April 28th, 1913 (103 O. L., 539, 540), the jurisdiction of justices of the peace in Hamilton county in criminal cases was fully restored; that inasmuch as the act creating the municipal court was passed April 17, 1913, eleven days before the act of April 28, 1913 (103 O. L., 539), to the extent that it affects the jurisdiction of justices of the peace in criminal matters, the municipal court act has been repealed or modified by implication. There was no express repeal. The act of April 28, 1914, was an amendment to Section 13423, which had been a part of the General Code and the Revised Statutes for several years.

This Section 14323 prescribed the jurisdiction of justices of the peace throughout the state as to many cases therein enumerated. Prior to the amendment of April 28, 1914, there was embraced in this section under sub-head thirteen classes of cases in which justices of the peace, police judges and mayors of villages were authorized to act. The act of April 28, 1914 (103 O. L., 539-540), added to this list of cases by amendment two additional classes of cases, sub-heads 14 and 15, to-wit, offenses for violation of the laws relating to weights and measures and short-weighing and measuring. Section 13423, as it existed before its amendment in April, 1914, was and still is of a general nature and applies to all justices of the peace in the state, and it is therefore claimed by counsel for the constable that, being a later law than the municipal court act, Section 41, it in effect, because of the conflict between the two laws, operated to impliedly repeal or modify Section 41 of the municipal court act. Now justices of the peace are no longer constitutional officers by virtue of the adoption of the new Constitution in 1912. See Article IV, Sections 1 and 9, and schedule. *State, ex rel Goodman,* v. *Redding,* 87 O. S., 388.

The office, since January 1, 1913, is purely statutory, and the Legislature has power to create or abolish the office, enlarge or limit the jurisdiction thereof. The act creating the municipal court of Cincinnati and prescribing its jurisdiction is a special act authorized by the Constitution, Article IV, Section 15. See *State* v. *Block,* 65 O. S., 370.

There is, therefore, no question of the validity of the two acts under consideration, the only question being whether both can stand because of their apparent conflict, and if they both can not stand, then has Section 41 of the municipal court act been repealed by implication? We are of the opinion that these two laws are not irreconcilable or in conflict, and that both are in full force and effect as valid expressions of the sovereign will of the Legislature.

The rule is well settled that repeals by implication are not favored, and this proposition is admitted by counsel for defendant in error to be true, and so true that no authorities need be cited in support thereof.

It is the duty of the courts to uphold and sustain all laws passed by the Legislature unless .they are palpably and manifestly unconstitutional or in irreconcilable conflict with some other legislation on the same subject.  It is also the duty of the courts, if possible, to reconcile any and all apparent conflicts, differences and inconsistencies in the laws so as to permit all the acts of the Legislature to stand and render none nugatory. See *Street ·Ry.* v. *Peace,* 68 O. S., 200; *Dodge* v. *Gridley,* 10 O. S., 178.

In this latter case the Supreme Court said:

"Where two affirmative statutes exist, one is not to be construed to repeal 'the other by implication unless they can be reconciled by no mode 'of interpretation."

This language was expressly approved in the case above cited, 68 O. S., 206.

The act creating the municipal court of Cincinnati is special, and applies only to Cincinnati and Hamilton county, whereas, Section 13423 as amended April 28, 1914, is general in its operations and applies to all justices except where the act is limited by some special act.  The Legislature having the power to limit the jurisdiction of justices of the peace either by general or special legislation, has expressly limited their jurisdiction in Hamilton county in the manner specified in the special act creating the municipal court of Cincinnati (Section 41).  The provisions of this special act, even though enacted prior to the amendment of Section 13423, General Code, a general statute, modifies the provisions of that section so as to make part of the jurisdiction therein conferred on justices of the peace in general applicable to justices of the peace in Hamilton county outside of Cincinnati township.  It stands as though Section 41 of the municipal court act were added on as an exception to the general Section 13423, General Code.

The Legislature, when it amended Section 13423, will be assumed and presumed to have had knowledge of the passage of the act creating the municipal court, and if it had intended to repeal or modify Section 41 of that act, doubtless it would have

done so in unequivocal terms.  It did not expressly repeal this Section 41 of the municipal court act, and we are of the opinion that the provisions of this special act (Section 41) in Cincinnati township supersedes and takes the place of the more general provisions of Section 13423.  See *R. R. Co.* v. *County,* 71 O. S., 454-457; *State* v. *Borham,* 72 O. S., 358, where the court on page 363 in commenting on a case similar to the one under consideration said:

"We are constrained to the conclusion that Section 1817 was intended by the General Assembly as an exception to the general provisions of 7146."

Furthermore it appears that the amendment to Section 13423 simply added two additional subdivisions to the statute and was not the enactment of new legislation.  If this amendment had not been made, it would scarcely be claimed now that Section 41 of the special municipal court act had been repealed by implication.  How, then, can it be claimed that a minor amendment to the section which had been in force for a long time, had the effect of repealing a special act which by fair interpretation may stand as an exception to the general provisions when it is apparent that the Legislature had no intention of repealing it?

For the reasons stated we are of the opinion that the justice of the peace, Charles T. Dumont, had no jurisdiction to issue the warrant in this case, and the judgment of the common pleas court is affirmed.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.