Farr, J.
On the 5th day of November, 1915, The Central Ohio Buggy Company filed its petition in the court of common pleas of Geauga county seeking to recover against W. W. Cowin, sheriff of said county, and the sureties on his official bond, as such, for his alleged failure to serve a certain writ of execution against the property of one W. C. Walter of said county.
The petition alleges the election of the sheriff; his giving bond in the sum of five thousand dollars with the 'sureties named; his assuming and exercising the duties of the office; and the recovery on or about the 13th day of August, 1912, of a judgment in the court of common pleas of Wyandot *17 county in the sum of $1,058.96 by the plaintiff in error against said Walter.
It further alleges that afterwards, to-wit, on the 24th day of August, 1912, by order of plaintiff, the execution on said judgment was duly issued and delivered to Cowin, as sheriff aforesaid, by the clerk of the court of common pleas of Wyandot county for levy upon the goods and chattels of W. C. Walter, and that Cowin, as sheriff aforesaid, failed to make a levy as directed by the writ, and on the 12th day of October, 1912, returned the same to the clerk of courts of Wyandot county with the indorsement thereon, “No property found on which to levy; no money made,” and received his fees for the service of the same.
It is further alleged that on the 16th day of September, 1912, W. C. Walter made an assignment for the benefit of his creditors, and that two dividends were paid upon said judgment by the assignee, and a recovery of the balance of the amount of the original judgment against Walter is sought to be made from the sheriff and sureties on his official bond.
A joint answer was filed by the sheriff and his sureties, admitting the non-essential allegations of the petition, and admitting the issue of execution and its return as alleged, and averring -that the sheriff had refused to levy the execution because there was no indorsement as to the deposit of fees made thereon, and -subscribed by the clerk as required by statute, and that the plaintiff in error had waived its right to recover against the sheriff or his sureties because it had accepted *18 dividends from the assignee; and so the issues were made up.
Upon the trial in the court below, and upon motion at the conclusion of the plaintiff’s evidence, the court directed a verdict in favor of defendants.
The determination of this case involves the issue as to whether or not it was necessary for the clerk of courts of Wyandot county to indorse upon the writ of execution the exact words relating, to the deposit of fees, as provided by Section 12105, General Code, as follows:
“Funds are deposited to pay the sheriff on this process.”
It is claimed, however, that still another section is applicable here, and that is Section 2882, General Code, in which it is provided that:
“The clerk shall not issue a writ in a civil action to another county until the party requiring the issuing thereof has deposited with him sufficient funds to pay the officer to whom it is directed for executing it, and the clerk shall endorse thereon the words, ‘Funds deposited to pay for the execution of this writ.’ ”
The foregoing section is quoted in full because it is urged that it is mandatory.
The execution, issued by the clerk of Wyandot county had' endorsed upon it, “Fees on deposit to pay for the service of this writ,” signed, “Daniel Reynolds, Clerk.”
The issue here is, therefore, whether or not the above indorsement was a sufficient compliance with said Sections 12105 and 2882, General Code.
*19 It will be observed that it is not, in that regard, in the exact language prescribed by either of these sections. It is claimed by the plaintiff in error that it was not necessary that it should be in the exact language of the statute, but that any indorsement is sufficient in which the language of the statute is substantially used, and which clearly advises the sheriff that his fees are on deposit with the clerk.
It is contended by the defendants in error that said statutes are mandatory, especially Section 2882, and that strict compliance is therefore necessary. While no case has been found which is fully upon the point in issue here, yet there is’ one somewhat helpful, Duncan, Sheriff, v. Drakeley, 10 Ohio, 45, the syllabus of which reads as follows:
“A sheriff can not be amerced for not executing a ca. sa. from another county, unless the indorsement 'funds deposited,' etc., is made upon the w~it, nor can a tender of his fees be substituted in the place of such indorsement.”
In the above case there was no indorsement upon the writ, and -the judgment creditors tendered to the sheriff an amount in money sufficient to satisfy him for the execution of it, and it was held that such tender was not sufficient. The court, speaking by Hitchcock, judge, at page 50 of the opinion, indicates the purpose of the indorsement, as follows:
"By Section 20 of the act 'regulating the fees of officers in civil and criminal cases,' 29 Ohio L., 226, it is enacted, ‘that it shall be the duty of each and every clerk, when 'he issues such writ to a *20 sheriff or other officer discharging, the duties of sheriff in any other county in this state, to indorse on the back of said writ these words: “Funds are deposited to .pay the sheriff on this writ,” and subscribe his name 'thereto.’ ”
It will be observed1 that the court did not hold that the word's should be indorsed upon the writ in their entirety, but that “Funds deposited” was sufficient, the reason for which is declared in the further discussion as to the purpose of the indorsement on the same page as' follows:
“The object of requiring this indorsement is, that the sheriff to whom the writ is directed may ‘have assurance that his' fees 'are secured.”
Such, therefore, is the purpose of the indorsement, and when that purpose is substantially sub-served, the requirements of the statute have been met.
It is urged that in the above case it was held that the statute should be strictly construed, but the action was to amerce the sheriff; while in the instant case it is upon the official bond, which makes ia different issue, and the rule of strict construction does not necessarily apply.
It is urged that the case of P. Smith Sons’ Lumber Co. v. Kennard et al., 11 C. C., N. S., 161, is upon the point and therefore of value in determining the issue here; however, the facts are entirely different, because ’in the above case there was no indorsement on the writ and obviously no action could be maintained against the sheriff for a failure or refusal'to- execute it. However, it is indicated that liability would have attached if the fees had been deposited1.
*21 The sheriff went to the home of W. C. Walter after he received the writ, and it is claimed that he was then requested not to levy the execution upon the goods and chattels of the judgment debtor, for the reason that the judgment would be paid within a short time; then followed the assignment by Walter soon afterwards, which precluded a levy, by reason of which it is said that the judgment creditor was prevented from recovering in full upon his claims, and for which he seeks to hold the sheriff and sureties on his official bond.
Are the above Sections 2882 and 12105, General Code, in conflict, or in pari materia? Obviously they are not in conflict, because they relate to the .same subject and practically agree, and where one is applicable in a given case, the other may be considered so.
To hold strictly to the .'terms of either, as to the ■exact words to be indorsed on the writ, would be to annul the other. This the courts uniformly refuse to do where by any possible reasonable construction such result can be avoided. In 2 Sutherland on. Statutory Construction (2 ed.), it is pertinently observed at Section 443 (283) that:
“All consistent statutes which can stand together, though enacted at different dates, relating to the same subject, and hence briefly called statutes in pari materia, are treated prospectively and construed together as though they constituted one act. * * *
“They are all to be compared, harmonized if possible, and, if not susceptible of a construction which will make all of their provisions harmonize, *22 they are made to operate together so far as possible consistently with the evident intent of the latest enactments.”
The wording of said statutes as to the indorsement is not exactly the same, but the purpose of each is identical, that is, to- advise the foreign sheriff that his “fees are on deposit” for the service of the writ; and the indorsement is his protection as such officer. Therefore, when 'he is fully advised in that regard, the requirements of the statute, whether directory or mandatory, have been met.
In Dodge v. Gridley, 10 Ohio, 174, it is held in the second paragraph of the syllabus:
“Two statutes in pari materia shall stand together, and both have effect if possible, for the law does not favor repeals by implication.”
It is well said in Arnett v. State, ex rel., 168 Ind., 180, 80 N. E. Rep., 153, 8 L. R. A., N. S., 1192, 1196, by the supreme court of Indiana:
“It is a fundamental rule of statutory construction that it is the intent or spirit of an enactment, rather than its letter, which is to govern.”
And another case which is somewhat helpful is Columbus St. Ry. Co. v. Pace, 68 Ohio St., 200, 206, where the above case of Dodge v. Gridley is cited with approval, as follows:
“Where two affirmative statutes exist, one is-not to be construed to repeal the other by implication, unless they can be reconciled by no mode of interpretation.”
Therefore, the conclusion must be that there is no conflict between these sections, and, being in pari materia, they must stand together; and such. *23 is clearly disclosed by a comparison of the language in each statute with the indorsement on the writ, as follows:
Section 2882 provides that the indorsement shall be: “Funds deposited to pay for the execution of this writ.”
Section 12105 provides: “Funds are deposited to pay the sheriff on this process.”
■ And the writ of execution in question here had indorsed upon it: “Fees on deposit for the service of this writ.” It was signed by “Daniel Reynolds, Clerk.”
It was directed to the sheriff of Geauga county. The words of the indorsement are plain, clear and unmistakable; as such they are not susceptible of construction. The sheriff could not be misled. He could not fail to understand that his fees for the service of the writ were on deposit. He could not have known or understood more if the exact language of either of the above statutes had been used. He was fully protected by the indorsement, and it was his duty to levy the execution, or make the attempt to do so.
Following his failure to execute it, he returned it with the indorsement thereon, “No property found on which to levy; no money made,” signed his name as sheriff and received his fees. • In any event the indorsement brought his fees; it was therefore fully effective for the very purpose for which it was intended. What more was necessary?
When he received the writ he did not make any question about the form or wording of the indorsement, but, deemed it quite sufficient to authorize him to go to the home of Walter, no doubt *24 for the purpose of making the levy; his failure to do so therefore rendered him liable to' the judgment creditor for any loss sustained by reason of such failure; nor does the acceptance of dividends from Walter’s assignee now preclude a recovery of the balance, because the payment of such dividends inured to the sheriff’s benefit, and he can not therefore be heard to complain.
In view of the foregoing, the judgment of the court below is reversed.

Judgment reversed.

Pollock and Metcalfe, JJ., concur.