THE CLEVELAND RY. CO. v. TRENDEL, BY ETC.

*Court of appeals — Jurisdiction — Weight of evidence — Section 11577, General Code — Trial court grants new trial — But refuses same after second trial — Assignments of error.*

Where a cause is tried to a jury and a verdict returned for plaintiff, which is set aside by the trial court on the ground that it is not sustained by sufficient evidence, and after a second trial resulting in a verdict for plaintiff error is prosecuted to the court of appeals by defendant upon the ground that the trial court committed error in overruling defendant's motion for a new trial on the weight of the evidence, the court of appeals is without jurisdiction to consider such assignment of error or reverse the judgment on that ground, since the trial court was precluded by Section 11577, General Code, from granting a second new trial or reversal on the weight of the evidence, and a reviewing court is confined to a consideration and determination of the errors occurring in the trial court.

(Decided December 24, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Messrs. Payer, Winch, Minshall & Karch,* for defendant in error.

DUNLAP, P. J.  In this case we are asked to reverse the judgment of the common pleas court for reasons contained in the petition in error, which are as follows:

1. The court of common pleas erred in the admission of evidence offered by the defendant in error.

2. The court of common pleas erred in the rejection of evidence offered by the plaintiff in error.

3. The court erred in its charge to the jury.

4. The court erred in overruling the motion of plaintiff in error for a new trial.

5. There are other errors apparent upon the face of the record.

The cause was submitted to this court on briefs, no oral argument being had.  The brief for plaintiff in error is devoted solely to the claim that the verdict and judgment of the court below is so manifestly against the weight of the evidence as to require a reversal of the judgment.  If this claim is presented to us by the petition in error, it comes under the fourth and fifth grounds of error set out in said petition, and we shall regard the petition in error as setting forth this ground although this claim is not specifically made therein.

We have, however, considered the record before us with a view to ascertaining the existence of any other claimed errors besides that set up in the brief, and we find no prejudicial error therein that would entitle plaintiff in error to a reversal of this judgment, and the judgment must stand unless it be

reversed as being against the weight of the evidence, and as to this ground of reversal we find and hold that under the state of this record we have no right to consider the weight of the evidence.

Our reasons for so holding are as follows:

The certificate of the docket and journal entries of the common pleas court filed in this case reveals the fact that this case was twice tried to a jury in said court. It is the judgment obtained upon the second verdict which is here under review. The first verdict, which was for a smaller amount, was set aside by the court upon a motion for a new trial, for the reason that the verdict was not sustained by sufficient evidence. This action by the trial court entirely precluded it from again passing upon the weight of the evidence, for Section 11577, General Code, provides:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case."

It also provides:

"Nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

The trial court, then, was without power to grant a new trial on the weight of the evidence. If the only ground for complaint against the verdict was that it was against the weight of the evidence, it was a condition which, under the statute, nevertheless, had to be endured and put up with, because the court was absolutely precluded from again considering the matter. All the court could do under the law at the second trial was to use such endeavors as are humanly possible to see that a fair

trial was had, and then if the only thing wrong
with a second trial was that the verdict was against
the weight of the evidence the power of the trial
court to give any relief was gone. That court was
even without jurisdiction to act upon that claim
for a new trial, if it stood alone, and the fact that
the verdict was against the weight of the evidence
was not even a proper matter to be urged by coun-
sel upon the court's consideration. Indeed, it was
not even a proper matter to be included in the
motion for a new trial. Such a conclusion is un-
avoidable and self-evident.

It would be putting the matter mildly to say that
it would be error for a court to disregard the plain
mandate of this statute and grant a new trial a
second time upon the weight of the evidence.
Whether such a condition would present a final
judgment that could be reviewed by the court of
appeals, we need not here discuss, but it is, never-
theless, manifest that a wilful disregard of this
statute upon the part of the trial court would be
such a usurpation of power that "error" becomes a
mild term with which to characterize it.

Now, if it is our duty to affirm judgments in
which no reversible error appears, and to reverse
only such judgments as appear to be erroneous,
then it is most plain that it is our duty to affirm this
judgment, for, as we have just seen, no error oc-
curred in the trial of this case. We hold that it is
the duty of this reviewing court to ascertain
whether or not the trial court properly conducted
the affair under the rules and forms of law appli-
cable to conduct of the matter in that court. Of
course it could easily happen, and does often hap-

pen, that the trial court commits error by overruling a motion for new trial upon the weight of the testimony, in which event it becomes the duty of the reviewing court to reverse the judgment because of such error, and to state that such judgment is against the weight of the evidence. Under such circumstances the reviewing court does only what the trial court should have done, and does it solely because the trial court did not do it. Yet in order that there may be no abuse of this power, the reviewing court's right to reverse for this reason is limited to one time, and this limitation necessarily applies to the time when that question is properly presented to the reviewing court by a petition in error, claiming that the weight of the testimony is a ground of error. As to all other errors, no limit is placed upon the number of times a judgment may be reversed. Only when the weight of the testimony is set up in the manner we have just indicated are we permitted to reverse for this reason, and we are then limited to the one reversal, and we think this is the meaning of the latter part of the section which reads as follows:

"Nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

In other words, the statute must be read as follows:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case nor [where the error complained of is that the verdict is against the weight of the evidence] shall the same court grant more than one judgment of reversal on the weight

of the evidence against the same party in the same case."

The bracketed matter is ours, but it is of necessity read into the statute.

In the case at bar, no such error occurred, and, of course, could not be complained of to a reviewing court as having occurred. The construction which we thus attempt to place upon this statute leaves it absolutely full of meaning. It gives to the trial court a right to grant this relief once and no more. It gives to the reviewing court a right to do it once, and no more, just as the statute plainly reads. It also harmonizes the statute with the Constitution, upon a point that has at least given some trouble and caused some disagreement. Thus the argument has been advanced that because the Constitution provides for a review by the court of appeals of the judgment of all inferior courts, that no limit could be placed by legislation upon the powers of that court, and that consequently it could grant all the reversals it wanted to, whether upon the weight of the evidence or for any other reason, but the apparent weight of this argument vanishes if we give recognition to the self-evident truth that such reversals are to be for error committed by the inferior court. We could thus entirely do away, just as is desired by the ardent constitutionalists, with the last part of this statute; hold it null and void; and even then by the plainest principles a reviewing court could not reverse under the situation presented by this case, because there was no error. To put it in another way, there is no constitutional limitation on the power of the legislature to prescribe either the jurisdiction or the

methods of procedure for the court of common pleas. Its right to say that only one new trial could be granted for this reason is not doubted, and can it be said that simply because the court of appeals is apparently given unlimited power to review, reverse, etc., the judgments of inferior courts, it is meant that they can pursue their own untrammeled inclinations without reference to laws and precedents and the forms of law, etc.?

That such is not the case is most plainly and sometimes painfully apparent from a perusal of the reversals of the judgments of that court by the supreme court. No, it is apparent that there must be error in the record for the court of appeals to reverse a case, even if the Constitution does seem to give it unlimited power. The method of curtailing its powers is, for the most part, simple. enough. By prescribing rules for the trial in the common pleas court the effect upon the courts of review in many respects becomes automatic. The common pleas courts are the roots of the judicial tree, of which the court of appeals may be likened to the trunk and the supreme court to the ripened fruit. Strike at the roots and the whole tree is affected.

It is true that the statute at one time in terms related only to the trial in the court of common pleas, and it is also true that while the statute was in that condition the supreme court, in the case of *Columbus Street Railway Co.* v. *Pace,* 68 Ohio St., 200, held that the statute in that condition had no application to the circuit court; but the holding in that case is to be easily distinguished from the case at bar because in that case the trial court had not, in either of the trials before it, set aside the

verdict as being manifestly against the weight of
the testimony, so that its failure so to do raised the
question of error properly in the circuit court and
made that one of the assigned grounds of error.
We have no quarrel with that decision, even though
the legislature very shortly thereafter set its dis-
approval upon the same by amending the statute
here under consideration so as to include reviewing
courts. We can see nothing in that decision by
which at this day our reasoning should be swayed
from its normal bent by the conclusion reached in
that case. We still believe that our right to reverse
a judgment is dependent solely upon the finding of
error in the record prejudicial to the party com-
plaining, and that mere negative words which can
have their full meaning without doing violence to
any prescribed rules of procedure or established
precedents should not be used for increasing or ex-
tending our jurisdiction and powers to the extent
that we may reverse a judgment where there is no
error. It seems to us that these considerations
force the conclusion that in the present state of this
record we have no right to consider the weight of
the evidence. We reach this conclusion not only
because the court of common pleas had no such
right, and therefore there was no error which this
court can consider, but also because no right is
given this court by the Constitution to do that
which the statute positively prohibits the trial court
from doing.

The judgment of the common pleas court will be
affirmed.

*Judgment affirmed.*

VICKERY and WASHBURN, JJ., concur.