*RE: STATE TAX WARRANT LIEN — INFORMAL OPINION NO. 93-564
ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN ATTORNEY GENERAL OPINION ADDRESSING THE FOLLOWING QUESTION.
IS THE LIEN CREATED BY A STATE TAX WARRANT EXTINGUISHED BY A TAX SALE OR A TAX RESALE TO SATISFY AD VALOREM TAXES UNDER 68 O.S. 3101 (1991) ET SEQ?
YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW. THEREFORE THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
STATE TAXES ARE A LIEN IN FAVOR OF THE STATE UPON ALL PROPERTY BELONGING TO THE PERSON OWING THE TAX. TITLE 68 O.S. 234(A) PROVIDES IN PERTINENT PART:
 "ALL TAXES, INTEREST AND PENALTIES IMPOSED BY THE PROVISIONS OF THIS ARTICLE, OR ANY STATE TAX LAW, ARE HEREBY DECLARED TO CONSTITUTE A LIEN IN FAVOR OF THE STATE UPON ALL FRANCHISES, PROPERTY, AND RIGHTS TO PROPERTY, WHETHER REAL OR PERSONAL, THEN BELONGING TO OR THEREAFTER ACQUIRED BY THE PERSON OWING THE TAX, WHETHER SUCH PROPERTY IS EMPLOYED BY SUCH PERSON IN THE PROSECUTION OF BUSINESS, OR IS IN THE HANDS OF AN ASSIGNEE, TRUSTEE OR RECEIVER FOR THE BENEFIT OF CREDITORS, FROM THE DATE SAID TAXES ARE DUE AND PAYABLE UNDER THE PROVISIONS OF THE STATE TAX LAWS LEVYING SUCH TAXES. SAID LIEN SHALL BE IN ADDITION TO ANY LIEN ACCRUED BY THE FILING OF A TAX WARRANT OR TAX CERTIFICATE AS PROVIDED BY SECTIONS 230 AND 231 OF THIS CODE. SAID LIEN SHALL BE PRIOR, SUPERIOR AND PARAMOUNT TO ALL OTHER LIENS, CLAIMS, OR ENCUMBRANCES ON SAID PROPERTY OF WHATSOEVER KIND OR CHARACTER, EXCEPT THOSE OF ANY BONA FIDE MORTGAGEE, PLEDGEE, JUDGMENT CREDITOR, OR PURCHASER, WHOSE RIGHT SHALL HAVE ATTACHED PRIOR TO THE DATE OF THE FILING AND INDEXING IN THE OFFICE OF THE COUNTY CLERK IN THE COUNTY IN WHICH THE PROPERTY IS LOCATED, OF THE NOTICE OF THE LIEN OF THE STATE UNDER A TAX CERTIFICATE, AS PROVIDED BY SECTION 230 OF THIS CODE, OR UNDER A TAX WARRANT AS PROVIDED BY SECTION 231 OF THIS CODE, AND WHO HAVE FILED OR RECORDED SAID MORTGAGES AND CONVEYANCES IN THE OFFICE OF THE COUNTY CLERK OF THE COUNTY IN WHICH THE PROPERTY IS LOCATED. SUCH TAXES, PENALTIES AND INTEREST SHALL AT ALL TIMES, CONSTITUTE A PRIOR, SUPERIOR AND PARAMOUNT CLAIM AS AGAINST THE CLAIMS OF UNSECURED CREDITORS. THE SAID LIEN OF THE STATE SHALL CONTINUE UNTIL THE AMOUNT OF TAX AND PENALTY DUE AND OWING AND INTEREST SUBSEQUENTLY ACCRUING THEREON, IS PAID. (EMPHASIS ADDED.)"
THE ABOVE LIEN IS ENFORCED BY MEANS OF A WARRANT AND SALE PROCEDURE PROVIDED FOR AT 68 O.S. 231 (1992). UNDER 68 O.S. 231 AND 68 O.S. 234, THE STATE ACQUIRES LIENS WHICH SHALL CONTINUE UNTIL THE DELINQUENT TAX, PENALTY AND INTEREST ARE PAID. STATE EX REL. OKLAHOMA TAX COMMISSION V. EMERY, 645 P.2D 1048 (OKLA.APP.1982).
AD VALOREM TAXES ARE ASSESSED AND COLLECTED AT THE COUNTY LEVEL AND ARE A LIEN UPON THE PROPERTY FOR SEVEN (7) YEARS FROM THE DATE UPON WHICH TAXES BECOME DUE AND PAYABLE. 68 O.S. 3101 (1991). THE AD VALOREM TAX CODE PROVIDES THAT WHERE TAXES UPON REAL PROPERTY ARE UNPAID ON THE FIRST DAY OF APRIL, THE COUNTY TREASURER SHALL ADVERTISE AND SELL THE PROPERTY FOR TAXES. 68 O.S. 3105 (1991). AD VALOREM TAXES ARE SECURED BY THE ASSESSED PROPERTY AND ARE NOT A PERSONAL OBLIGATION OF THE OWNER. IF THE TAX IS NOT PAID THE PROPERTY IS SOLD BUT THE OWNER HAS NO PERSONAL LIABILITY.
IT IS CLEAR THAT BOTH THE 68 O.S. 200 SERIES AND THE 68 O.S. 3101 SERIES OF TITLE 68 ENVISION A SCENARIO WHEREIN A TAXPAYER FAILING TO PAY THE RELEVANT TAX IS SUBJECT TO A LIEN ON HIS REAL PROPERTY. UNDER BOTH STATUTORY STRUCTURES THE PROPERTY IS SOLD TO SATISFY THE TAX DEBT.
YOUR QUESTION ESSENTIALLY ASKS IF A SALE UNDER THE PROCEDURES FOUND IN 68 O.S. 3101 ET. SEQ. EXTINGUISHES THE LIEN ESTABLISHED PURSUANT TO 68 O.S. 234. IN MY OPINION, A COUNTY TAX SALE DOES NOT EXTINGUISH A STATE TAX LIEN. TITLE 68 O.S. 3142 PROVIDES:
 "WHENEVER ANY LANDS SHALL BE SOLD FOR DELINQUENT TAXES UNDER THE PROVISION OF THIS ARTICLE, UPON WHICH ANY MORTGAGE OR OTHER LIEN EXISTS IN FAVOR OF THE STATE OF OKLAHOMA, OR THE COMMISSIONERS OF THE LAND OFFICE OR ANY OTHER COMMISSION, BOARD OR OFFICE HAVING POWER TO LOAN PUBLIC FUNDS, OR ANY FUNDS UNDER THE CONTROL OF THE STATE UPON REAL ESTATE SECURITY, SUCH TAX SHALL BE SECONDARY AT ALL TIMES TO THE LIEN OF THE STATE OR OF THE COMMISSIONERS OF THE LAND OFFICE, OR OF SUCH COMMISSION, BOARD OR OFFICER. (EMPHASIS ADDED.)"
AS A GENERAL RULE, A COUNTY TAX DEED VEST THE GRANTEE A CLEAR TITLE. MCDONALD V DUCKWORTH, 173 P.2D 436 (OKLA.1946). HOWEVER, 68 O.S. 3118 (1991) PROVIDES, IN PERTINENT PART:
 "THE DEED SHALL VEST IN THE GRANTEE AN ABSOLUTE ESTATE IN FEE SIMPLE IN SAID LANDS, SUBJECT HOWEVER, TO ALL CLAIMS WHICH THE STATE MAY HAVE ON SAID LANDS FOR TAXES OR OTHER LIENS OR ENCUMBRANCES AND SHALL EXTINGUISH THE RIGHTS OF ANY MORTGAGEE OF RECORD OF SAID LANDS TO WHOM NOTICE WAS SENT AS PROVIDED BY LAW(.)"
IN CONSTRUING A STATUTE, THE CARDINAL RULE IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERING THE LANGUAGE OF THE STATUTE IN LIGHT OF ITS GENERAL PURPOSE. OKLAHOMA JOURNAL PUBLISHING COMPANY V. OKLAHOMA CITY, 620 P.2D 452 (OKL.APP.1979). FURTHER, STATUTES DEALING WITH THE SAME GENERAL SUBJECT SHOULD BE CONSTRUED TOGETHER IN ORDER TO ARRIVE AT THE LEGISLATIVE INTENT IN ANY PARTICULAR SITUATION. TWA V. MCKINLEY, 749 P.2D 108 (OKLA. 1988).
IN MY OPINION, USING THE RULES OF STATUTORY CONSTRUCTION, THE STATUTORY FRAMEWORK CLEARLY INDICATES A LEGISLATIVE INTENT THAT A PURCHASER AT A COUNTY TAX SALE TAKES PROPERTY SUBJECT TO A STATE TAX LIEN AGAINST THE PROPERTY AND THAT THE STATE LIEN IS NOT EXTINGUISHED BY A COUNTY SALE.
(DOUGLAS F. PRICE)